[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16669
Non-Argument Calendar

_____

Agency Nos. A098-395-540
A098-395-628

CHRISTIAN ARGENIS HERNANDEZ-QUINTERO,
CAROLINA VELASQUEZ,

                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 11, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Christian Argenis Hernandez-Quintero, a native and citizen of Venezuela, and Carolina Velasquez, a native and citizen of Colombia, petition this Court for review of a Board of Immigration Appeals (BIA) decision, affirming the Immigration Judge's (IJ) order of removal and denial of asylum, withholding of removal, and CAT relief.[1]  On appeal, Hernandez-Quintero and Velasquez argue: (1) the IJ's adverse credibility determination was not supported by substantial evidence and they met the statutory requirements for asylum and withholding of removal, and (2) the BIA abused its discretion in denying their motion to remand.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Aschroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  In this case, the BIA issued its own decision.  Factual findings, including adverse credibility determinations, are reviewed under the highly deferential substantial evidence test.  *Chen v. U.S. Atty. Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006).  Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Al Najjar*, 257 F.3d at 1284.  "To reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary

[1] Hernandez-Quintero and Velasquez do not raise any challenge in their brief to the denial of CAT relief, and therefore abandoned the issue. *See Ruiz v. U.S. Atty. Gen.*, 440 F.3d 1247, 1256 n.6 (11th Cir. 2006) (holding that an appellant abandons an issue when he or she fails to argue it on appeal).

conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d

1317, 1320 (11th Cir. 2001).

I.

Hernandez-Quintero and Velasquez argue the IJ erroneously cited minor

omissions and inconsistencies in their application and Hernandez-Quintero's

testimony as the basis for his adverse credibility finding. In light of their

explanations for the inconsistencies, petitioners claim the IJ's determination was not

based on substantial evidence, and the evidence compels the conclusion he testified

credibly. Hernandez-Quintero and Velasquez also argue they met the statutory

requirements for asylum and withholding of removal through Hernandez-Quintero's

testimony and the record evidence.

To be eligible for asylum, the applicant must, "with specific and credible

evidence," establish past persecution or a well-founded fear of persecution on

account of a protected ground. *Chen*, 463 F.3d at 1231. "Indications of reliable

testimony include consistency on direct examination, consistency with the written

application, and the absence of embellishments." *Ruiz v. U.S. Atty. Gen.*, 440 F.3d

1247, 1255 (11th Cir. 2006). "An adverse credibility determination does not

alleviate the IJ's duty to consider other evidence produced by an asylum applicant

. . . . [and, if] the applicant produces other evidence of persecution, whatever form it

may take, the IJ must consider that evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d

3

1282, 1287 (11th Cir. 2005). The weaker the applicant's testimony, the greater the need for corroborating evidence. *Yang v. U.S. Atty. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

"Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287. "[T]his Court may not substitute its judgment for that of the [BIA] with respect to credibility findings." *Id*. at 1286. Even if an applicant provides "tenable" explanations concerning the "implausible aspects of his claim," it does not compel finding the BIA's credibility determination was not supported by substantial evidence, particularly where the applicant does not provide corroborating evidence. *Chen*, 463 F.3d at 1233. A petitioner necessarily fails to meet the higher standard for withholding of removal when he fails to establish eligibility for asylum. *Djonda v. U.S. Atty. Gen.*, 514 F.3d 1168, 1177 (11th Cir. 2008). In addition, "there are no derivative benefits associated with a grant of withholding of removal." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007).

In this case, the record does not compel a conclusion contrary to that of the BIA. The BIA supported its adverse credibility finding with specific, cogent reasons, citing Hernandez-Quintero's inconsistent testimony and his lack of corroborating evidence. *Forgue*, 401 F.3d at 1287. As noted by the BIA,

4

Hernandez-Quintero gave inconsistent accounts regarding his car accident and whether he subsequently sought medical care. Additionally, although Hernandez-Quintero argues any errors in his application were the result of his reliance on a notary public, he had nearly three years to review the application and never supplemented it or noted any inaccuracies in the hearing. Hernandez-Quintero's explanations for the inconsistencies and errors do not compel the conclusion the BIA's adverse credibility finding was not supported by substantial evidence. *Chen*, 456 F.3d at 1233. Furthermore, in light of the lack of corroborating evidence directly related to Hernandez-Quintero's participation in Venezuelan politics or that he was attacked based on that involvement, the BIA's adverse credibility finding was sufficient to dismiss his petition. *See Forgue*, 401 F.3d at 1287. Finally, Hernandez-Quintero's failure to establish eligibility for asylum means he also failed to establish eligibility for withholding of removal, *see Djonda*, 514 F.3d at 1177, and, regardless, withholding of removal would not be available to Velasquez as a derivative beneficiary, *see Delgado*, 487 F.3d at 862.

II.

Hernandez-Quintero and Velasquez next argue the BIA abused its discretion in denying their motion to remand, in which they sought to introduce: (1) the United States Department of State Venezuela Country Report on Human Rights Practices (Country Report) for 2007; (2) a statement from the president of the

5

Venezuelan political party in which Hernandez-Quintero claimed membership; and (3) a medical report stating Hernandez-Quintero was seen in a hospital on April 18, 2003, for traveling purposes, and he was suffering from pain resulting from a car accident. Petitioners claim the BIA erroneously found they did not apply the facts contained in the Country Report to their case, and ignored their explanation that they could not obtain the documents before their hearing. They also argue the BIA did not provide a rational explanation in denying the motion, especially because the new documents bolstered Hernandez-Quintero's credibility.

The substance of a motion to remand determines how we review it on appeal. *Al Najjar*, 257 F.3d at 1301. We treat a motion to remand as part of the petitioner's appeal to the BIA if the motion merely articulates the remedy requested by the appeal. *Id.* On the other hand, when a motion to remand seeks to introduce evidence not previously presented, the motion is generally treated as a motion to reopen. *Id*. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Id*. at 1302.

The "Attorney General has 'broad discretion' to grant or deny such motions." *Id.* A motion to reopen may be granted if the alien presents new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.23(b)(3). The movant has the "heavy

burden" of presenting evidence which would likely change the result in the case. *Ali v. U.S. Atty. Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

Here, we treat Hernandez-Quintero's and Velasquez's motion to remand as a motion to reopen because it sought to introduce new evidence. Hernandez-Quintero's motion sought to introduce three new items, as noted above. The 2007 Country Report was largely consistent with the 2005 and 2006 Country Reports, and he has not explained why he was unable to procure the political affidavit or the new medial report before his asylum hearing. Furthermore, he submitted medical reports documenting the same injury before the hearing. Because the evidence they sought to offer was either not likely to change the outcome of the case or not previously unavailable, the BIA did not abuse its discretion in denying the motion. Accordingly, Hernandez-Quintero's and Velasquez's petition for review is denied.

**PETITION DENIED.**